NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESSICA M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.B., M.M., Z.M., *Appellees.*[1]

No. 1 CA-JV 17-0138
FILED 9-19-2017

Appeal from the Superior Court in Maricopa County
No.  JD 31043
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee, Department of Child Safety*

---

[1]     The State, in its answering brief, has requested that the court amend the caption for this appeal. The above referenced caption shall be used on all further documents filed in this appeal.

-----

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Michael J. Brown joined.

-----

**C A M P B E L L**, Judge:

¶1        Jessica M. ("Mother") appeals the juvenile court's order terminating her parental rights to three children (A.B., M.M., and Z.M.; "Children").[2] Mother argues the juvenile court erred by finding the Department of Child Safety ("DCS") provided reasonable reunification services. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND[3]**

¶2        In August 2015, DCS took custody of Mother's five minor children and filed a dependency action alleging abuse and/or neglect by Mother and the five children's biological fathers.[4] Soon after, the juvenile court adjudicated all children dependent as to each parent.

¶3        DCS developed a plan for reunification which identified parenting goals for Mother. To facilitate Mother's efforts, DCS provided referrals for drug testing, substance abuse assessment, substance abuse treatment, and domestic violence counseling. DCS also provided Mother supervised visitation with her children, a parent aide, and transportation services.

-----

[2]     The juvenile court also terminated the parental rights of each child's biological father, but none of the children's fathers are parties to this appeal.

[3]     We review the record in the light most favorable to sustaining the juvenile court's decision. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

[4]     The underlying dependency action addressed all five children; however, this appeal only addresses the termination of Mother's rights to the three children listed above.

¶4 Drug testing was available to Mother throughout the dependency action. Mother did not consistently engage in testing and tested positive for illegal substances on the six or seven occasions she submitted to drug tests. Mother's parent aide terminated services because of her noncompliance. DCS did not provide a referral for another parent aide because, per DCS policy, Mother did not demonstrate 30 days of sobriety.

¶5 DCS referred Mother to a substance abuse assessment and treatment program on three occasions. Mother did not participate in outpatient treatment and was terminated from the program on her first and second attempt. She participated the third time, but the provider reported her participation was minimal, she resisted the program, and did not follow through with her appointments.

¶6 DCS referred Mother to domestic violence counseling twice. She failed to complete this treatment and was terminated from this program as well. She claimed she could not participate because the provider would not accept her insurance and that DCS's "lack of understanding" made her participation impossible.

¶7 DCS ultimately moved to sever Mother's parental rights to the Children. After a contested severance trial, the juvenile court terminated parental rights based on Mother's substance abuse, Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), and the Children's fifteen months time-in-care, A.R.S. § 8-533(B)(8)(c). The juvenile court also found termination was in the Children's best interests. Mother timely appeals the juvenile court's ruling.

## DISCUSSION

I. **Mother Waived Her Right to Argue on Appeal that DCS Failed to Offer Appropriate Services**

¶8 On appeal, Mother does not contest the juvenile court's findings of the two statutory grounds permitting severance under A.R.S. § 8-533(B)(3) and A.R.S. § 8-533(B)(8)(c). *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000) (requiring clear and convincing evidence of at least one statutory ground under A.R.S. § 8-533 to justify termination). Nor does Mother challenge the juvenile court's finding that termination was in the Children's best interests. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005) (requiring a finding by a preponderance of the evidence that termination is in a child's best interests). Instead, Mother argues DCS provided deficient reunification services. She argues she had "ever

changing" case managers who did not communicate or provide her with additional services when requested.[5]

**¶9**　　　　When severance is sought on substance-abuse grounds, the court must find that DCS "made reasonable efforts to reunify the family or that such efforts would have been futile." *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005) (citation omitted). When severance is sought on time-in-care grounds, DCS is required to prove it made diligent efforts to provide appropriate reunification services. A.R.S. § 8-533(B)(8). The court must also consider the availability of the reunification services offered and the parent's participation in services. A.R.S. § 8-533(D).

**¶10**　　　　DCS's obligation to provide services, however, "does not free a parent from the need to raise a timely objection if the parent believes services are inadequate." *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶ 13 (App. 2014). A parent must object, at that time, to any perceived failure by DCS to provide required services. *Id*. Should the parent fail to raise a timely objection, he or she is precluded from doing so on appeal. *Id*. at 179, ¶ 16.

**¶11**　　　　Mother did not object or raise any concerns about the adequacy of the services offered, despite having multiple opportunities to do so. The juvenile court held review hearings every few months, over the one and one half year dependency, where it found DCS made reasonable efforts. Accordingly, she waived her right to argue, for the first time on appeal, that DCS failed to offer appropriate services. *See id*. at 178-79, ¶¶ 13-18.

## II.　　Reasonable Evidence Supports the Juvenile Court's Findings

**¶12**　　　　Even if we were to address the merits of Mother's argument, we would conclude that the services were adequate. DCS is required to "provide [reunification] services to the parent with the time and opportunity to participate in programs designed to help [him or] her to become an effective parent." *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 235, ¶ 14 (App. 2011) (citation omitted). In addition, a parent has an obligation to "make a good faith effort to reunite the family." *Maricopa Cty. Juv. Action No. JS-4283*, 133 Ariz. 598, 601 (App. 1982) (citation omitted). We will affirm the juvenile court's determination if reasonable evidence

---

[5]　　Because Mother does not challenge the statutory or best interest findings, we do not address them. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577-78, ¶¶ 5-8 (App. 2017).

supports its factual findings. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

¶13 Mother testified she had at least five case managers during the dependency action and DCS did not regularly communicate with her regarding her services. Nevertheless, the record demonstrates Mother's ongoing case manager, along with DCS supervisors, client advocates, and student interns, repeatedly attempted to engage Mother in the services. Mother, however, did not consistently participate or comply with the services, as discussed *supra* ¶¶ 4-6. After considering conflicting testimony, the juvenile court did not find Mother credible. We will not disturb that finding. *See Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81, ¶ 13 (App. 2005) (reweighing evidence is not the function of this court).

¶14 Accordingly, on this record, the court did not err in finding that DCS made reasonable efforts to provide Mother reunification services.

**CONCLUSION**

¶15 Because Mother waived her right to argue on appeal that DCS failed to offer her appropriate reunification services and sufficient evidence supported the juvenile court's order terminating Mother's parental rights, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA