NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LEO H., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, W.R., A.H., *Appellees*.

No. 1 CA-JV 17-0191
FILED 2-22-2018

Appeal from the Superior Court in Navajo County
No. S0900JD201500012
The Honorable Michala Ruechel, Judge

**AFFIRMED**

COUNSEL

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Patricia A. Orozco[1] joined.

---

**B R O W N**, Judge:

**¶1**        Leo H. ("Father") appeals the juvenile court's order terminating his parental rights to W.R. and A.H. (collectively, "the children").  Because Father has shown no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Father and Karen R. ("Mother") are the biological parents of W.R., born in 2006, and A.H., born in 2014.[2]  In April 2015, the Department of Child Safety ("DCS") filed a dependency petition alleging the children were dependent because Father neglected them, had a history of domestic violence and substance abuse, was unable or unwilling to provide for their basic needs, and had left them with caregivers who lacked legal authority to act as their guardians or custodians.

**¶3**        Father appeared telephonically at a hearing in September 2015, and the juvenile court advised him of "the possible consequences for any failure to appear" at future hearings.  Despite the warning, Father failed to appear at the dependency trial.  The court deemed his failure to appear an admission to the allegations in the dependency petition and adjudicated the children dependent.

**¶4**        At a review hearing in January 2017, the juvenile court granted DCS's request to change the case plan to severance and adoption.  The court provided Father with a Form 3: Notice to Parent in Termination Action ("Form 3"), which stated as follows:

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        Mother, whose parental rights were terminated in February 2017, is not a party to this appeal.

> You are required to attend all termination hearings. If you cannot attend a court hearing, you must prove to the Court that you had good cause for not attending. If you fail to attend the Initial Termination Hearing, Termination Pre-trial Conference, Status Conference, or Termination Adjudication Hearing without good cause, the Court may determine that you have waived your legal rights and admitted the grounds alleged in the motion/petition for termination. The Court may go forward with the Termination Adjudication Hearing in your absence and may terminate your parental rights to your child based on the record and evidence presented.

Ariz. R.P. Juv. Ct. Form 3. Father signed Form 3, and the court scheduled the initial severance hearing. DCS moved to terminate Father's parental rights to the children on grounds of neglect, chronic substance-abuse, and nine months' and fifteen months' out-of-home placement. *See* Ariz. Rev. Stat. § 8-533(B)(2), (3), (8). Father appeared telephonically at the February 2017 initial severance hearing, and the court scheduled a mediation and pretrial conference.

¶5            At the March 2017 pretrial conference, Father's counsel avowed he did not know where Father was and had "not heard from him in the mediation." After discussion, the juvenile court confirmed that Father was given Form 3 at the January review hearing. Father's counsel then avowed he did not "have any good faith basis for [Father's] non-appearance." The court found that Father was informed he needed to attend the pretrial conference and mediation, and he was advised of the consequences of his failure to appear. The court also explained that Father was personally advised of the pretrial and mediation hearings at the February initial severance hearing. The court determined that Father lacked good cause for his failure to appear, deemed his failure to appear an admission to the allegations in the termination motion, and proceeded with the severance hearing in Father's absence. Father's counsel did not request a continuance or otherwise object.

¶6            A DCS case manager testified about the reasons the children came into care, the grounds for severance, and Father's minimal participation in services during the nearly two years the children had been in an out-of-home placement. She also testified the children were "doing excellent" in their placement, W.R. wanted to remain in his placement, and severance of Father's parental rights was in the children's best interests. The juvenile court then terminated Father's parental rights on each of the alleged grounds. This timely appeal followed.

**DISCUSSION**

**¶7**        Father argues the juvenile court misinterpreted Arizona Revised Statutes ("A.R.S.") section 8-863(C), and thus violated his due process rights by "denying him his right to a severance hearing" and terminating his parental rights at a pretrial conference.

**¶8**        A.R.S. § 8-863(C) states:

> If a parent does not appear at the hearing, the court, after determining that the parent has been served as provided in subsection A of this section, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear.   The court may terminate the parent-child relationship as to a parent who does not appear based on the record and evidence presented as provided in rules prescribed by the supreme court.

Similarly, Arizona Rule of Procedure for the Juvenile Court ("Rule") 64(C) provides that a notice of hearing accompanying a motion for the termination of parental rights "shall advise the parent . . . that failure to appear at the initial hearing, pretrial conference, status conference or termination adjudication hearing, without good cause, may result in a finding that the parent . . . has waived legal rights, and is deemed to have admitted the allegations in the motion or petition for termination."

**¶9**        In *Marianne N. v. Department of Child Safety*, 243 Ariz. 53 (2017), our supreme court recognized that Rule 64(C) "implicitly authorizes the juvenile court to terminate parental rights by default if a parent fails to appear without good cause at any one of four types of court proceedings," including a pretrial conference. 243 Ariz. at 56, ¶ 16.  The court held in part that Rule 64(C) "work[s] in harmony" with A.R.S. § 8-863(C). *Id.* at 59, ¶ 31. *Marianne N.* is dispositive of the issue Father raises pertaining to the statutory interpretation of § 8-863(C) and Rule 64(C), and we are bound by that precedent. *See City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378 (App. 1993) (recognizing the court of appeals is bound by decisions of the supreme court and may not "overrule, modify or disregard them").

**¶10**        The juvenile court acted within its discretion in proceeding to the merits of DCS's motion to terminate Father's parental rights after Father failed to appear at the pretrial conference without good cause.  The court properly informed Father of the possible consequences of his failure to appear as required by Rule 64, and conducted the termination hearing

without objection by counsel. To the extent Father believes his counsel was unprepared at the termination hearing, he does not explain what actions his counsel was unable to take or what evidence he would have presented if the court had not proceeded with the termination hearing in Father's absence. If Father believed his due process rights were violated and he had good cause for his failure to appear, he could have promptly asked the juvenile court to set aside its ruling. *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007) (concluding that the juvenile court "may set aside an entry of default" in "parental cases" if the parent shows excusable neglect and a meritorious defense). Father, however, took no action in the juvenile court to establish good cause for his failure to appear. Thus, on this record, we find no due process violation.

**¶11** Moreover, the record contains sufficient evidence to support the court's termination order based on the grounds DCS asserted, and the best interests findings. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000) (stating that severance of a parental relationship may be warranted where the court finds one of the A.R.S. § 8-533 statutory grounds for termination by clear and convincing evidence); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005) (stating that the court must also find, by a preponderance of the evidence, that severance is in the child's best interests). Father does not challenge the sufficiency of the court's findings as to the statutory grounds for termination or its best interests findings; therefore, we do not address them further. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 8 (App. 2017) (explaining that "our review should be confined to the issues raised by the appellant").

## CONCLUSION

**¶12** For the forgoing reasons, we affirm the juvenile court's order terminating Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA