390 P.3d 1222

**CRYSTAL E., Appellant,**

v.

**DEPARTMENT OF CHILD SAFETY,
M.E., Appellees.**

No. 1 CA–JV 16–0236

Court of Appeals of Arizona,
Division 1.

FILED 3/7/2017

Moore Law Firm, P.L.L.C., Show Low, By David G. Moore, Counsel for Appellant

Coronado Law Firm, PLLC, Lakeside, By Eduardo H. Coronado, Kai M. Henderson, Counsel for Appellee M.E.

Arizona Attorney General's Office, Mesa, By Amanda Adams, Counsel for Appellee Department of Child Safety

Chief Judge Michael J. Brown delivered the opinion of the Court, in which Judge Patricia A. Orozco [1] joined and Presiding Judge Samuel A. Thumma specially concurred.

## OPINION

BROWN, Chief Judge:

¶ 1 Crystal E. (Mother) appeals the superior court's order terminating her parental rights to her son, M.E. (born in 2013), based on grounds of chronic substance abuse and fifteen months' time-in-care. Because Mother challenges only the substance abuse ground on appeal, she has abandoned and waived any challenge to the court's finding of the statutory time-in-care ground. We therefore affirm on that basis, and we affirm the court's finding that severance would be in M.E.'s best interests.

## BACKGROUND

¶ 2 The Department of Child Safety (DCS) filed a dependency petition alleging neglect by Mother, based primarily on her substance abuse and mental illness. The superior court granted the petition, finding M.E. dependent as to Mother and ordering a case plan of family reunification. DCS provided Mother with various reunification services but her participation in the services was sporadic. She initially refused services, but later decided to participate in counseling and substance abuse treatment. Mother missed more than eight months of drug testing and tested positive for methamphetamine in December 2015, January 2016, and February 2016.

¶ 3 DCS filed a motion for termination of Mother's parental rights based on chronic substance abuse and fifteen months' time-in-care. See Arizona Revised Statutes (A.R.S.) sections 8–533(B)(3) and (B)(8)(c). Following the adjudication hearing, the court granted the motion, finding DCS proved by clear and convincing evidence both statutory grounds and established by a preponderance of the evidence that severance was in M.E.'s best interests. This timely appeal followed.

## DISCUSSION

¶ 4 To support an order terminating parental rights, the superior court must find at least one statutory ground by clear and convincing evidence. Linda V. v. Ariz. Dep't of Econ. Sec., 211 Ariz. 76, 78, ¶ 6, 117 P.3d 795 (App. 2005). Additionally, the court must find by a preponderance of the evidence that the termination is in the best interests of the child. Mario G. v. Ariz. Dep't of Econ. Sec., 227 Ariz. 282, 285, ¶ 11, 257 P.3d 1162 (App. 2011). "[W]e will affirm a severance order unless it is clearly erroneous." Demetrius L. v. Joshlynn F., 239 Ariz. 1, 3, ¶ 9, 365 P.3d 353 (2016).

¶ 5 Mother argues the superior court erred in finding sufficient evidence of chronic substance abuse, but she does not challenge the court's finding that severance was warranted based on fifteen months' time-in-care. As DCS correctly asserts, only one statutory ground for severance is required. See A.R.S. § 8–533(B) (requiring "[e]vidence sufficient to justify the termination of the parent-child relationship" of "any one of the" statutory grounds enumerated). By failing to challenge the time-in-care ground, Mother has abandoned and waived any contention that the court erred in granting severance on that basis. See State v. McCall, 139 Ariz. 147, 163, 677 P.2d 920 (1983) (explaining that a party's failure to argue a claim constitutes abandonment and waiver of the claim); Christina G. v. Ariz. Dep't of Econ. Sec., 227 Ariz. 231,

---

1. The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

234, ¶14 n.6, 256 P.3d 628 (App. 2011) (recognizing that the failure to develop an argument on appeal usually results in abandonment and waiver of the issue). Thus, we affirm the court's order based on fifteen months' time-in-care and need not address the substance abuse ground. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶3, 53 P.3d 203 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

■ ¶6 In doing so, we adhere to the policy that it is generally not our role to *sua sponte* address issues not raised by the appellant. *See* ARCAP 13(a) (requiring appellant's brief to contain a statement of issues for review, supporting legal authority, references to the record, and reasons for each contention); Ariz. R.P. Juv. Ct. 106(A) (applying ARCAP 13 to juvenile appeals); *Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶29, 11 P.3d 413 (App. 2000) (The rule that issues "not clearly raised" in the opening brief are waived is not jurisdictional, but instead ... is a "wise policy of judicial restraint"). "[T]his policy restrains the court from branching off on its own and deciding cases with no research assistance or analytical input from the parties." *Childress*, 198 Ariz. at 459, ¶29, 11 P.3d 413.

■ ¶7 Because Mother failed to raise any arguments on appeal with respect to the time-in-care ground, unsurprisingly, neither counsel for DCS nor counsel for M.E. addressed that ground in their answering briefs. DCS should not be expected to address unraised contentions and we, in an exercise of judicial restraint and in furtherance of judicial economy, should not attempt to analyze and decide arguments that have been abandoned and waived. Moreover, DCS should not have been expected to address Mother's substance abuse argument because

even if we were to agree with her argument, it would not affect the court's order granting DCS's motion to terminate Mother's parental rights based on fifteen months' time-in-care.

■ ¶8 We acknowledge that on very rare occasions, and primarily in criminal matters, we have *sua sponte* directed the parties to address issues that could constitute fundamental error because we will not ignore such issues if we detect them when considering the appeal. *See State v. Fernandez*, 216 Ariz. 545, 554, ¶32, 169 P.3d 641 (App. 2007) ("Although we do not search the record for fundamental error, we will not ignore it when we find it."). Certainly, in the interests of justice and because of the inherent constitutional ramifications, if we discover that type of issue when considering a severance appeal, we may appropriately ask for supplemental briefing from the parties and consider whether reversal is warranted. *Id.*; *cf. Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶¶22–23, 118 P.3d 37 (App. 2005). Absent that extraordinary circumstance, which is not present here, our review should be confined to the issues raised by the appellant.[2]

■ ¶9 Mother next argues DCS did not prove termination would be in M.E.'s best interests because the evidence indicated she and M.E. had a bond. To prove that severance is in the child's best interests, DCS must show that the child would either benefit from severance or be harmed by a continuation of the parental relationship. *Mario G.*, 227 Ariz. at 288, ¶26, 257 P.3d 1162. In meeting this burden, DCS may establish that the child is adoptable and would benefit from an adoptive placement. *See Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352, 884 P.2d 234 (App. 1994). Additionally, DCS may present evidence showing that an existing placement is meeting the needs of the child. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶19, 83 P.3d 43 (App. 2004).

---

**2.** Our reasoning is consistent with the general approach to severance cases in that we do not address statutory grounds when best interests is the only ruling challenged on appeal. Similarly, this court does not undertake any review of appellate counsel's determination, under Arizona Rules of Procedure for the Juvenile Court 106(G), that "[c]ounsel has reviewed the entire record on appeal and finds no non-frivolous issue to raise." *Cf. Denise H. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 257, 258, ¶1, 972 P.2d 241 (App. 1998) (rejecting the proposition that appellate review in severance cases should include fundamental error review under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)).

■ ¶ 10 The evidence supports the superior court's finding that M.E. was doing well in his then-current placement and that the placement would be willing to adopt him. The DCS case manager testified that M.E. was adoptable and in a potential adoptive placement. She opined that, notwithstanding the love and bond between M.E. and Mother, severance would allow M.E. to "continue to be in a loving environment that will be stable and will provide him with his basic needs and also would be substance free." The case manager also testified that M.E.'s current placement could meet his "emotional, mental health, and physical needs." Testimony from the placement family demonstrated M.E. had bonded with them and they were meeting his needs, including providing necessary medical services. DCS therefore met its burden of establishing that severance is in M.E.'s best interests.

## CONCLUSION

¶ 11 For the reasons set forth above, we affirm the superior court's order terminating Mother's parental rights.

THUMMA, J., specially concurring:

¶ 12 I join, without reservation, the court's analysis addressing waiver and best interests. By challenging only the substance abuse ground on appeal, Mother waived any challenge she may have had to the 15–months time-in-care ground. And although Mother preserved the best interests issue, she has not shown that the superior court abused its discretion in finding that termination was in the best interests of M.E.

¶ 13 The waiver issue evidenced in this appeal is one that this court, unfortunately, sees with some frequency. In general, an appeal challenging fewer than all of the statutory grounds for termination the superior court found were proven at trial will not result in a reversal, absent a showing the best interests finding was erroneous. Such an

appeal is fatally flawed, from the outset, and merely delays finality.

¶ 14 Given the legitimate interest in furthering finality and to avoid the suggestion of any issue that could result in delay, *cf. John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 324–25 ¶ 15, 173 P.3d 1021 (App. 2007), I write separately to address the merits of the 15–months time-in-care ground.[3] Even apart from waiver, the trial record supports the superior court's conclusion that DCS proved the 15–months time-in-care ground. *See* A.R.S. § 8–533(B)(8)(c). By the time of the trial, M.E. had been in care for more than 15 months. The trial evidence demonstrates that DCS had made diligent efforts to provide appropriate reunification services, including parent aide services, skills training, supervised visits, transportation, substance abuse assessment and treatment, drug testing, psychological evaluation and individual counseling. Notwithstanding these efforts, the trial evidence shows Mother had been unable to remedy the circumstances that caused M.E. to be in an out-of-home placement and that there is a substantial likelihood that she would not be capable of exercising proper and effective parental care and control in the near future. *See* A.R.S. § 8–533(B)(8)(c).

¶ 15 Mother first refused to participate in any services other than visitation. She began mental health counseling in March 2015, but frequently failed to attend or cancelled sessions. Mother refused to participate in drug testing for many months, failed to complete court-ordered drug testing and then tested positive for methamphetamine for three consecutive months shortly before trial. The DCS ongoing case manager testified that unresolved barriers to family reunification also included "the lack of persistent and individual counseling, ... a lack of employment, ... a lack of parenting skills due to inability to recognize danger situations and how to protect her child."

---

**3.** Given waiver, the majority stops short of addressing the merits of the 15–months time-in-care ground, a position I understand and respect. It would seem, in a case like this, that the legitimate interest in ensuring finality properly could be seen as outweighing the majority's concern about "judicial economy." Consistent with the majority's view that this court has appellate jurisdiction to address the merits of the 15–months time-in-care ground, in this case, on this record, I am doing so.

¶ 16 The case manager testified Mother was not able to progress to unsupervised visits given her "inconsistency in her services that we had requested of her." Although Mother's supervised "visitations went very well," they could not progress to unsupervised because of Mother's "inconsistency with her UA's, her inconsistency with her counseling." The case manager testified Mother had not been able to remedy the circumstances that caused M.E. to be in out-of-home care and that there was a substantial likelihood she would not be able to exercise parental care and control in the near future.

¶ 17 Mother suggests there was conflicting evidence on some of these points at trial. But it is not the role of this court to reweigh the trial evidence. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282 ¶ 12, 53 P.3d 203 (App. 2002) (citations omitted). On this record, on the merits, the superior court did not abuse its discretion in concluding DCS proved the 15–months time-in-care ground for termination. *See* A.R.S. § 8–533(B)(8)(c).

¶ 18 Other than adding this discussion of the merits of this ground for termination, I join, without reservation, the court's analysis addressing waiver and best interests.