NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EMILY S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, G.J., *Appellees*.

No. 1 CA-JV 16-0284
FILED 3-23-2017

Appeal from the Superior Court in Maricopa County
No.  JD511276
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Clark Jones, Mesa
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Patricia A. Orozco joined.[1]

---

**T H U M M A**, Judge:

**¶1**        Emily S. (Mother) appeals the superior court's order terminating her parental rights to her son G.J., arguing the evidence does not support termination based on 15-months time-in-care and that termination was not in the best interests of G.J. Because Mother has shown no error, the order is affirmed.

**FACTS[2] AND PROCEDURAL HISTORY**

**¶2**        G.J. was born in March 2011. In August 2013, the Department of Child Safety (DCS) took G.J. into care when the child was found wandering alone on a busy Mesa street. The police later located Mother and her boyfriend in a nearby hotel, who were sleeping after using heroin. Mother was charged criminally, later pled guilty to felony child abuse and in February 2014 was placed on probation for 10 years.

**¶3**        DCS filed a dependency petition, alleging G.J. was dependent as to Mother based on her substance abuse (noting "a twenty year history of methamphetamine abuse"), neglect and mental health issues. In October 2013, G.J. was found dependent as to Mother, and the court adopted concurrent case plans of family reunification and severance and adoption. DCS provided Mother with various services, including a psychological evaluation, substance abuse assessment and treatment, substance abuse

---

[1] The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

testing, individual and group counseling, mental health services, parent-aide services, domestic violence and parenting classes.

¶4        Mother initially did not participate in services. Although she participated in treatment for more than a week "at a sober living home," she then left the program. In 2014, her participation improved such that, when she gave birth to another child in April, DCS did not remove the baby from Mother's care. In June 2014, however, Mother tested positive for methamphetamine, she admitted using methamphetamine and the baby was removed from her care. Mother also did not consistently participate in drug testing. G.J., who has developmental delays and unique needs, received services during this time and struggled in various placements, expressing violent and aggressive behavior and using profanity after he was removed from Mother's care.

¶5        In August 2014, given Mother's lack of progress, the superior court changed the case plan to severance and adoption. DCS sought to terminate Mother's parental rights to G.J. on five statutory grounds: (1) substance abuse; (2) nine-months time-in-care; (3) 15-months time-in-care; (4) felony conviction proving her unfitness to have future custody and control of G.J. and (5) neglect. *See* Ariz. Rev. Stat. (A.R.S.) §§ 8-533(B)(2), (B)(3), (B)(4), (B)(8)(a) and (B)(8)(c) (2017).[3] At a two-day severance adjudication, the court heard testimony from six witnesses (including Mother), received dozens of exhibits and heard closing arguments. After taking the matter under advisement, in a July 2016 ruling, the court granted DCS' motion to terminate, finding DCS proved by clear and convincing evidence the statutory grounds of 15-months time-in-care; felony conviction and neglect (but not substance abuse or nine-months time-in-care) and proved by a preponderance of the evidence that termination was in G.J.'s best interests.[4]

¶6        This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section, 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-2101(A) and 12-120.21(A) and Ariz. R.P. Juv. Ct. 103-04.

---

[3] Absent material revisions after the relevant dates, statutes cited to refer to the current version unless otherwise indicated.

[4] Although the superior court also terminated the parental rights of G.J.'s father, he is not a party to this appeal.

## DISCUSSION

¶7         As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights as long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

¶8         On appeal, Mother claims the superior court abused its discretion in finding DCS proved the statutory ground of 15-months time-in-care and that termination was in G.J.'s best interests. Mother does not, however, challenge the finding that severance was warranted based on the statutory ground of felony conviction and neglect. By failing to challenge those findings, Mother has waived any argument she may have had regarding those independent grounds supporting the termination decision. *See Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231 ¶14 n.6 (App. 2011) (failure to develop argument on appeal usually results in abandonment and waiver of issue). And as DCS correctly asserts, only one statutory ground for severance is required. *See* A.R.S. § 8-533(B) (requiring "[e]vidence sufficient to justify the termination of the parent-child relationship" of "any one of the" statutory grounds enumerated). Accordingly, the court's severance order, based on the statutory grounds of felony conviction and neglect, stands. *See Crystal E. v. DCS*, 1 CA- JV 16-0236, 2017 WL 897343, at *2 ¶7 (Ariz. App. Mar. 7, 2017).

¶9         Turning to the best interests finding, "Mother argues that DCS failed to prove by a preponderance of the evidence that [G.J.] would accrue an affirmative benefit from her parental rights being severed or be harmed by continuing the relationship." Mother argues no adoptive placement had been identified for G.J. and his behavioral issues had caused him to be in several placements. As Mother notes, the best interests assessment focuses on "how the child would benefit from a severance or be harmed by the continuation of the relationship." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50 ¶ 19 (App. 2004) (citation omitted).

¶10         Contrary to Mother's argument, the DCS supervisor properly could testify, and the superior court properly could rely on such testimony,

that G.J. "is a neat kid" who needs stability, "[a]bsolutely" is adoptable and is in a therapeutic stable placement where he has been for about 18 months. And the court properly credited expert testimony that G.J.'s behaviors had improved since being taken into care and that his continuing need for various therapies is based on trauma experienced in Mother's care. On this record, Mother has not shown that the evidence was insufficient to support the court's finding that severance was in the G.J.'s best interests. *See Mary Lou C.*, 207 Ariz. at 50 ¶ 21.

## CONCLUSION

¶11            The superior court's order terminating Mother's parental rights to G.J. is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA