NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DARCI V., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.V., *Appellees.*

No. 1 CA-JV 16-0413
FILED 4-6-2017

Appeal from the Superior Court in Maricopa County
No. JD511143
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Czop Law Firm PLLC, Higley
By Steven Czop
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

**¶1**          Darci V. ("Mother") appeals the superior court's termination of her parental rights to her daughter M.V. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Mother and Brett M. ("Father") are the biological parents of M.V., born on July 28, 2015.[1] Mother's rights to her son L.V., born June 4, 2013, were terminated in April 2014, after Mother failed to appear at the termination hearing, and based on chronic substance abuse and time in an out-of-home placement exceeding six months.

**¶3**          In August 2015, the Arizona Department of Child Safety ("DCS") initiated dependency proceedings as to M.V., alleging Mother neglected M.V. because of her substance abuse, mental illness, lack of stable housing or employment, and involvement in domestic violence. In October 2015, the superior court adjudicated M.V. dependent. In June 2016, DCS moved to terminate Mother's parental rights, alleging as grounds for severance Mother's chronic abuse of dangerous drugs and M.V.'s out-of-home placement of nine months or longer.

**¶4**          The superior court terminated Mother's parental rights on both grounds in September 2016. The court also found severance was in M.V.'s best interests.[2] Mother timely appealed. We have jurisdiction

---

[1]      Father's parental rights to M.V. were terminated in August 2016. Father is not a party to this appeal.

[2]      Mother does not challenge the superior court's best interests finding on appeal. Mother has therefore waived any claim regarding that finding. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1) and -2101(A) (2016).[3]

## DISCUSSION

**¶5**     A parent-child relationship may be terminated when a court finds at least one of the statutory grounds for severance and determines that severance is in the child's best interests. A.R.S. § 8-533(B); *Mary Lou C. v. ADES*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We review a court's severance determination for an abuse of discretion, adopting its findings of fact unless clearly erroneous. *Id.* A court's decision "must be based on clear and convincing evidence [and] will be affirmed unless we must say as a matter of law that no one could reasonably find the evidence to be clear and convincing." *Denise R. v. ADES*, 221 Ariz. 92, 94, ¶ 7 (App. 2009) (quotation omitted). We do not reweigh the evidence on appeal. *Jesus M. v. ADES*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

## A.     Grounds for Severance.

**¶6**     Mother argues DCS failed to prove either ground for severance by clear and convincing evidence because: (1) Mother tested negative for drugs, did not need to participate in substance abuse treatment, and did not appear under the influence during her visits with M.V.; and (2) Mother made appreciable efforts to comply with offered services because she completed some drug testing; substance abuse intake, through which no counseling was recommended; completed visitations, most parent aide's goals, and parenting classes; demonstrated parenting ability; and visited M.V. despite having an unstable housing situation.

**¶7**     Under A.R.S. § 8-533(B)(3), a parent's rights may be terminated when the parent has a history of chronic drug abuse, resulting in an inability to discharge parental responsibilities. Severance on this basis is appropriate when the court also finds "there are reasonable grounds to believe that the condition will continue for a prolonged and indeterminate period." *Raymond F. v. ADES*, 224 Ariz. 373, 377, ¶ 15 (App. 2010).

---

[3]     We cite to the current version of applicable statutes or rules when no revision material to this case has occurred.

### 1. History of Chronic Drug Abuse.

¶8        At the severance hearing, a DCS case worker testified Mother had a history of substance abuse. Mother self-reported her history of methamphetamine and marijuana use, and parental rights to her first child were terminated because of substance abuse.

¶9        In December 2013, Mother was evaluated by an independent psychologist. The psychologist noted Mother had a significant, long-term history of drug abuse. Mother was diagnosed with poly-substance dependence, alcohol dependence, and mood and personality disorders with dependent, narcissistic and histrionic traits. The psychologist stated Mother has an "addictive personality" and that "long term alcohol dependence [is] evident." Mother was offered the opportunity to participate in an updated psychological evaluation, but she failed to demonstrate sobriety for the necessary 30 days to qualify for the service. Therefore, DCS could not order an updated psychological evaluation.

### 2. Inability to Discharge Parental Responsibilities.

¶10        When determining whether a parent can discharge parental responsibilities with a history of chronic substance abuse, the court must consider how the substance abuse hinders the parent's ability to effectively parent. *Raymond F.*, 224 Ariz. at 377–78, ¶ 19. In making this finding, the court has flexibility to consider the circumstances of each case. *Id.* at 378, ¶ 20.

¶11        At the severance hearing, the DCS case worker testified Mother was offered the following services: TASC drug testing; a referral to TERROS Family First drug treatment; parent aide services; domestic violence counseling; psychological evaluation; housing and employment assistance; and supervised visitations. However, Mother failed to test consistently with TASC, having missed approximately 50 of 53 tests since August 2015. Moreover, the court specifically ordered Mother to provide hair follicle and urinalysis tests beginning on March 23, 2016, and Mother did not complete the tests or missed them. According to the case worker, Mother could not demonstrate sobriety because of the limited number of drug tests she provided. While Mother did not complete TASC testing within the last year, no records indicated she appeared under the influence of drugs at her supervised visitations.

¶12        Mother completed several intakes, but none of the services were successfully completed. Mother completed a TERROS intake, and was not referred for services. Although Mother completed some of her visits

with M.V. and the parent aid, despite difficulties caused by her homelessness, she was closed out from the parent aid service unsuccessfully due to her inability to finish all goals, and her tardiness or altogether cancelled visits. Mother completed intake for a domestic violence service, but failed to participate in any classes. Throughout the case, Mother was unable to secure stable housing, even though she was consistently employed by a single employer for the ten months preceding the hearing.

¶13        The DCS case worker also opined Mother will be unable to successfully parent in the foreseeable future because Mother failed to consistently participate in offered services, her substance abuse, involvement in domestic violence, and unstable housing. The court found Mother "has not demonstrated that she can maintain sobriety in order to parent the child."

### 3.        Reasonable Belief Chronic Substance Abuse Will Continue.

¶14        Evidence sufficient to support a finding that Mother's substance abuse will continue may include her abuse history and failure to complete or engage in offered services. *Raymond F.*, 224 Ariz. at 378–79, ¶ 26. A parent's failure to abstain from substances despite a pending severance is "evidence [the parent] has not overcome [his or her] dependence on drugs." *Id.* at 379, ¶ 29.

¶15        Mother failed to consistently participate in drug testing ordered by the court after the severance motion was filed by DCS. The record provides reasonable evidence supporting the court's conclusion that "there are reasonable grounds to believe that [Mother's chronic substance use] will continue for a prolonged indeterminate period," and DCS made "reasonable efforts to provide Mother with rehabilitative services but those efforts have been unsuccessful."

¶16        Because we accept the court's findings of fact unless clearly erroneous, we find the court did not err in severing Mother's rights to M.V. *See Maricopa County Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994). When clear and convincing evidence supports at least one of the grounds for severance, we need not address the other reasons for severance. *Crystal E. v. DCS*, 1 CA-JV 16-0236, 2017 WL 897343, *1, ¶ 5 (App. Mar. 7, 2017); *Jesus M.*, 203 Ariz. at 280, ¶ 3.

**CONCLUSION**

¶17     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA