NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROCCO R., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, L.R., J.R., *Appellees.*

No. 1 CA-JV 17-0451
FILED 3-1-2018

Appeal from the Superior Court in Maricopa County
No. JD33014
The Honorable Alison Bachus, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Patricia A. Orozco[1] joined.

**C R U Z**, Judge:

¶1 Rocco R. ("Father") appeals the superior court's termination of his parental rights to his children, L.R., born in 2013, and J.R., born in 2014.[2] For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY[3]

¶2 In August 2016, Father was arrested and charged with aggravated assault, burglary in the second degree, possession of burglary tools, theft of means of transportation, and criminal trespass. Father had no contact with the children for at least six months prior to his arrest. At the time of Father's arrest, the children had been living with their maternal grandmother in Glendale for one year and neither parent was providing for the children's basic needs. The Department of Child Safety ("DCS") thereafter took temporary custody of the children, initiated a dependency action, and placed the children back with maternal grandmother. The court found the children dependent as to Father in an uncontested hearing.

¶3 As a result of a mediation agreement between Father and DCS, the parties agreed that while Father was incarcerated in the Maricopa County jail supervised visitation via telephone or video chat would be

---

[1] The Honorable Patricia A. Orozco, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] The superior court also terminated mother's parental rights. However, she is not a party to this appeal.

[3] We view the record in the light most favorable to sustaining the superior court's order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

scheduled "if able[.]" The court denied Father's request that DCS pay for visitation, and noted it was Father's obligation to do so.

¶4 In January 2017, Father was convicted for aggravated assault, attempted burglary in the second degree, and possession or use of dangerous drugs. The longest of Father's prison sentences was for five years. Father was transported to the Arizona Department of Corrections facility in Yuma, where video chat visits were unavailable.

¶5 The superior court ordered DCS to "explore visits between [F]ather and the children and how they can be arranged." Nevertheless, the children's placement and other relatives could not transport the children to Yuma for visitation approximately four hours away. Consistent with Father's requests for visitation, the court directed DCS to "consult with a unit psychologist" to determine if periodic visits were appropriate, and also changed Father's case plan to severance and adoption.

¶6 Later that month, DCS moved to sever Father's parental rights, alleging Father was deprived of his civil liberties due to his felony convictions and that his prison sentences were of such length that would deprive the children of a normal home for a period of years. Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(4). Following a contested severance hearing, the superior court terminated Father's parental rights to the children. The court also found that termination of Father's parental rights was in the children's best interests.

¶7 We have jurisdiction over Father's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9 and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

¶8 Father challenges the superior court's termination of his parental rights under A.R.S. § 8-533(B)(4). To terminate a parent-child relationship, the superior court must find that clear and convincing evidence supports one of the statutory grounds for severance. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005); A.R.S. § 8-533(B). Additionally, the court must determine by a preponderance of the evidence that termination of the relationship is in the children's best interests. *Kent K.*, 210 Ariz. at 284, ¶ 22. We review a superior court's termination order for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We will therefore accept the court's findings of fact unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶9          A parent's rights may be terminated if a parent "is deprived of civil liberties due to the conviction of a felony if . . . the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years."  A.R.S. § 8-533(B)(4).  There is no "bright line" definition of when a sentence is sufficiently long to deprive a child of a normal home for a period of years.  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 29 (2000).  Rather, the inquiry is individualized and fact-specific, requiring the court to consider all relevant factors, which include, but are not limited to:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

*Id.* at 251-52, ¶ 29.  Not every *Michael J.* factor need be affirmatively found to justify severance.  *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 450, ¶ 15 (App. 2007).

¶10          Here, the superior court entered detailed findings after considering each of the *Michael J.* factors above and concluded they collectively weighed in favor of terminating Father's parental rights.  Father's sole argument on appeal is that the court, DCS, and the children's placement interfered with his ability to maintain a parental relationship because visitation was not facilitated, and as a result, there is insufficient evidence to find grounds for severance.  The record does not support his position.

¶11          First, as discussed *supra* ¶¶ 3, 5, the superior court placed no restrictions on Father's visitation with the children.  In fact, the court approved the parties' visitation agreement and further directed DCS to "work with placement . . . [or] a provider" to facilitate visitation in Yuma.  DCS is not required to provide reunification services when severance is sought on the length-of-sentence ground.  *James H. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 1, 2, 3, ¶¶ 6, 9 (App. 2005) ("[P]rolonged incarceration is something neither [DCS] nor the parent could ameliorate through reunification services.").  Nevertheless, DCS reached out to the children's placement, and at least one other family member, but they were unable to

transport the children from Glendale to Yuma. The case manager testified that DCS even consulted a professional who opined that transporting the young children that distance would be harmful; thus, DCS did not ultimately arrange visitation. The court found that DCS acted reasonably and that the children's placement was not responsible for arranging visits. Father offers no supporting legal authority demonstrating that the court abused its discretion in so finding, or that the court, DCS, or the children's placement were obligated to provide or arrange Father's visitation while incarcerated.

¶12 Second, it is Father's burden to act as a parent and to also assert his legal right to parent the children at every opportunity. *Michael J.*, 196 Ariz. at 251, ¶ 25. Yet there is no record of Father attempting on his own behalf to facilitate visits with the children or to assist in finding the children appropriate transportation to and from Yuma. Father's contact with the children was limited to written correspondence "maybe" every two to three months.

¶13 Finally, even if the children had visited Father, there is still sufficient evidence to support severance. Although Father testified his pre-incarceration relationship with the children was strong, the superior court did not find Father credible in that regard. We will not disturb that finding. *See Jesus M.*, 203 Ariz. at 280, ¶ 4 (holding that the superior court is in the best position to judge the credibility of witnesses). Further, the earliest Father will be released is the year 2020. By that time, he will have been incarcerated for more than half of L.R.'s life and the majority of J.R.'s life, and Father—as he acknowledged at the severance hearing—is therefore unable to meet the children's needs, thereby depriving them of a normal home. *See James H.*, 210 Ariz. at 3, ¶ 9 (finding that a parent cannot provide a normal home for children while they are incarcerated). Lastly, Mother's rights have also been severed, leaving the children with no other parent available to provide a normal home life. Accordingly, the court did not abuse its discretion in terminating Father's parental rights under A.R.S. § 8-533(B)(4).[4]

---

[4] Because Father does not challenge the superior court's best-interests findings, we do not address them. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577-78, ¶¶ 5-8 (App. 2017).

**CONCLUSION**

¶14 For the foregoing reasons, we affirm the superior court's order terminating Father's parental rights to L.R. and J.R.



AMY M. WOOD • Clerk of the Court
FILED: AA