NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JERICA S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.X., J.M., *Appellees*.

No. 1 CA-JV 19-0124
FILED 12-19-2019

Appeal from the Superior Court in Maricopa County
No. JD33545
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge David D. Weinzweig and Judge Maurice Portley joined.[1]

---

**H O W E**, Judge:

¶1 Jerica S. ("Mother") appeals the juvenile court's order terminating her parental rights to her children. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 Mother has four children; only the two youngest are subject to the termination order on appeal. Mother had a sixteen-year history of using methamphetamine and no stable housing or employment. In December 2016, police arrested Mother after she drove while intoxicated in a stolen vehicle with the children and then tried to purchase merchandise with a stolen credit card. According to police, Mother still appeared intoxicated during the arrest and behaved erratically. She admitted to recently having used methamphetamine and marijuana. She also admitted to past mental illness and suicidal ideations. The Department of Child Safety took custody of her children and petitioned for dependency because her arrest left the children without a legal caregiver. Later that month, the juvenile court found the children dependent and set a case plan of family reunification.

¶3 Mother was released soon after her arrest but continued abusing substances. The Department referred her for substance-abuse testing and treatment and also agreed to provide her with a psychological evaluation and a parent aide once she demonstrated 30 days' sobriety. Mother tested positive for methamphetamine and cocaine at the outset of the dependency. She again tested positive for methamphetamine in January 2017. Mother began using heroin a month later, while continuing to use methamphetamine. She tested positive for methamphetamine once more in

---

[1] The Honorable Maurice Portley, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

October 2017. Mother attended some substance-abuse treatment programs during the dependency but never completed them and always relapsed. Furthermore, Mother continued her criminal conduct by stealing property and credit cards and using the stolen credit cards to purchase goods. Mother nevertheless consistently participated in visits.

**¶4**          In November 2017, Mother was jailed and eventually sentenced to five years' imprisonment. She communicated with the children in jail through phone calls and sent them cards and letters. The children also visited Mother in jail on a monthly basis from September 2018 through the termination hearing. According to Mother, she also participated in several classes offered through the Maricopa County Jail and the Arizona Department of Corrections. In September 2018, the superior court changed the case plan to severance and adoption, and the Department moved to terminate Mother's parental rights under the length-of-sentence and fifteen-month out-of-home placement grounds.

**¶5**          The juvenile court held a contested termination hearing in February 2019 and later issued a ruling terminating Mother's parental rights on the grounds alleged. Mother timely appealed the order.

## DISCUSSION

**¶6**          On appeal, Mother challenges only one of two statutory grounds for termination in the superior court's decision.  She contests the length-of-sentence ground, but not fifteen-month out-of-home placement ground. The Department asserts that because Mother did not challenge the court's ruling under the fifteen-month out-of-home placement ground, she has waived her challenge to the termination order on appeal.

**¶7**          The juvenile court must find "[e]vidence sufficient to justify the termination of the parent-child relationship" under "any one of the" statutory grounds enumerated under A.R.S. § 8–533(B). Accordingly, if a parent fails to challenge a termination ground on appeal, the parent "has abandoned and waived any contention that the court erred in granting severance" under the unchallenged ground. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577 ¶ 5 (App. 2017); *see also Michelle M. v. Dep't of Child Safety*, 243 Ariz. 64, 66 ¶ 6 (App. 2017) ("Mother does not challenge the finding that DCS proved both statutory grounds for severance, meaning those issues are waived."). Because Mother does not challenge the termination order under the fifteen-month out-of-home placement ground, we affirm based on that ground and need not address the length-of-sentence ground.

¶8        Mother also argues that because the juvenile court erred in its analysis under the length-of-sentence termination ground, the court "was therefore unable to make a proper decision regarding the children's best interests." But Mother does not develop her argument. The record shows that the court recognized the bond between Mother and the children and the efforts Mother had made to maintain a relationship with them while incarcerated. Despite this, the court also found that severance would benefit the children and was in their best interests. The court found the children were adoptable, and three potential adoptive placements existed at the time of the termination hearing. The court further found that placement was meeting the children's needs, the children were happy and wished to be adopted, and they would benefit from permanency. Reasonable evidence in the record supports these findings.

## CONCLUSION

¶9        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA