NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL A., *Appellant,*

*v.*

ELIZABETH G., M.A., *Appellees.*

No. 1 CA-JV 19-0356
FILED 3-26-2020

Appeal from the Superior Court in Maricopa County
No. JS 19720
The Honorable Glenn A. Allen, Commissioner

**AFFIRMED**

COUNSEL

Czop Law Firm PLLC, Higley
By Steven Czop
*Counsel for Appellant*

Ballard Spahr LLP, Phoenix
By William A. Hicks, III
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1        Michael A. ("Father") appeals the juvenile court's order terminating his parental rights to his son, M.A., based on Father's failure to file a notice of claim of paternity and because termination was in M.A.'s best interests.  For the following reasons, we affirm.

## BACKGROUND

¶2        Father and Rachel L. ("Mother") are the biological parents of M.A., who was born in 2015.  At the time of M.A.'s birth, Mother was married to another man, whom she had been separated from for several years, and no father was listed on M.A.'s birth certificate.  Father was aware of Mother's pregnancy and M.A.'s birth but was in prison serving a seven-year sentence for a drug-related offense.  Mother brought M.A. to the prison once when he was five months old to meet Father, but otherwise Father does not have a relationship with M.A., nor has he provided for M.A. financially.

¶3        In January of 2018, Mother passed away.  A short time later, M.A. went to live with Mother's cousin, Elizabeth G., who was granted guardianship.  Father was unhappy with this placement and sent two forceful letters to Elizabeth G. expressing as much, but never sent communications to M.A.

¶4        Elizabeth G. filed a petition to terminate Father's parental rights so she could adopt M.A., alleging abandonment, criminal conviction, and identity unknown as reasons for termination.  She also alleged severance was in M.A.'s best interests because she sought to adopt him and because Father had never provided for M.A. financially or emotionally.  The petition stated that a social study would be completed by Arizona's Children Association.

¶5        Elizabeth G. later filed a notice that Father had failed to file a claim of paternity pursuant to A.R.S. § 8-106.01.  Father and M.A. underwent DNA testing, and Father was confirmed the father of M.A.

After the social study was filed with the juvenile court, the parties filed competing motions for summary judgment on the issue of Father's failure to file a notice of claim of paternity. At the time scheduled for oral argument on the pending motions, Father advised the court he was no longer contesting the paternity claim. The court then proceeded with an evidentiary hearing to determine whether severance was in M.A.'s best interests.

¶6            The juvenile court granted the petition, confirming that a statutory ground for termination existed under A.R.S. § 8-533(B)(6) because Father failed to file a notice of claim of paternity within the requisite time frame under § 8-106.01(E). The court also ultimately found termination was in M.A.'s best interests. Father's timely appeal followed.

## DISCUSSION

¶7            We will affirm a termination order unless the juvenile court abused its discretion or no reasonable evidence supports the court's findings. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We accept the court's factual findings in support of severance unless they are clearly erroneous. *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 354, ¶ 10 (App. 1998). We do not reweigh evidence, "but will look only to determine if there is evidence to sustain the court's ruling." *Mary Lou C.*, 207 Ariz. at 47, ¶ 8. Before terminating parental rights, the juvenile court must find, by clear and convincing evidence, that a statutory ground for termination exists, and, by a preponderance of evidence, that termination is in the child's best interests. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 4 (App. 2017).

¶8            Father does not dispute that grounds for termination of his parental rights were proved based on A.R.S. § 8-533(B)(6), given his failure to file a notice of claim in the putative father registry. Instead, he argues termination was not in M.A.'s best interest because the juvenile court based its ruling primarily on Elizabeth G.'s willingness to adopt M.A.

¶9            Termination is in a child's best interests if either (1) the child will benefit from severance or (2) the child will be harmed if the court denies it. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 13 (2018). In examining circumstances that benefit a child, "[a] child's prospective adoption is a benefit that can support a best-interests finding." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2, 4, ¶¶ 1, 16 (2016). Indeed, a best-interests finding primarily on the basis of the benefits a child will reap from adoption is permissible. *Id.*

¶10        Here, the juvenile court found that (1) Elizabeth G. had been M.A.'s guardian since his mother passed away in 2018, (2) she was ready and willing to adopt him, (3) she acts as a parent by providing a safe and stable home, and (4) she is ensuring M.A.'s needs are met. The record supports these findings. An adoptive placement alone could be sufficient to make such a finding, but the court found additional facts, noted above, to support its conclusion.

¶11        Father contends the best-interests finding should be overturned because "[n]o evidence was presented by Elizabeth G. that the continuation of Father's parental rights would be detrimental to M.A. However, Father presents no authority showing that evidence of such detriment is required for the juvenile court to make a best-interests finding. A best-interests finding can be based on a finding of either benefit to the child *or* harm to the child. *Alma S.*, 245 Ariz. at 150, ¶ 13.

¶12        Father also argues the record did not establish how adoption would provide a better life for M.A. beyond other guardianships for M.A. that were filed with the juvenile court after Elizabeth G. was granted guardianship. Again, Father presents no authority stating that the court must weigh other guardianship options in making a best-interests finding. Any additional arguments Father makes are essentially invitations for us to reweigh the facts in evidence, which we will not do. *Mary Lou C.*, 207 Ariz. at 47, ¶ 8. Accordingly, we conclude that reasonable evidence supports the court's determination that severance is in M.A.'s best interests.

## CONCLUSION

¶13        We affirm the juvenile court's order terminating Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4