NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESSICA R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, B.S., *Appellees*.

No. 1 CA-JV 20-0210
FILED 2-18-2021

Appeal from the Superior Court in Mohave County
No. S8015JD202000004
The Honorable Megan A. McCoy, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

E.M. Hale Law, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee Department of Child Safety*

_____

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

_____

**G A S S**, Judge:

**¶1**        Jessica R. appeals the superior court's order terminating her parental rights to B.S., her biological child. The superior court also terminated the biological father's parental rights, but he is not a party to this appeal. Because reasonable evidence supports the superior court's order, we affirm the termination of mother's parental rights.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        This court views the evidence, and reasonable inferences to be drawn from it, in the light most favorable to sustaining the superior court's decision. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

**¶3**        Mother has two biological children. Mother's parental rights to the oldest child were terminated in August 2019 for neglect, inability to effectively parent because of mental deficiency, and time in an out-of-home placement. *See* A.R.S. § 8-533.B.2, .3, .8(b). Mother gave birth to B.S. about five months later. Given mother's recent termination of parental rights to the older child, a Department of Child Safety (DCS) representative interviewed mother at the hospital to assess her ability to parent B.S.

**¶4**        Mother's behavior during the interview was erratic. She "growl[ed] and hiss[ed] at one point," and showed childlike behaviors at other times. Hospital staff reported mother required "prompting and near constant supervision" to properly feed and care for B.S. DCS moved to terminate mother's parental rights to B.S. alleging neglect, inability to effectively parent because of mental deficiency, and previous termination of parental rights. *See* A.R.S. § 8-533.B.2, .3, .10. DCS also moved for a finding that reunification services were not required, arguing mother had "not successfully addressed the issues" from her prior termination, leaving her "unable to discharge parental responsibilities." *See* A.R.S. § 8-846.D.1(e). Following an evidentiary hearing, the superior court granted DCS's motion.

¶5        The superior court held a contested severance hearing. Mother's DCS case manager shared her concerns about mother's "ability to follow basic directions while in the hospital after giving birth" and the recent termination of her parental rights to the older child. Based on her interactions with mother, the case manager also expressed concerns about mother's "ability to recognize the proper needs for a child through the different developmental stages," which was particularly troubling given B.S.'s special needs. B.S. has "a chromosome deficiency, as well as other medical concerns that are going to prevent her from being able to develop like a child that does not have these special medical needs." Accordingly, the case manager believed returning B.S. to mother would place the child at risk of future neglect.

¶6        The superior court also heard from Dr. Katrina Buwalda, who conducted a neuropsychological evaluation of mother during the previous termination proceeding. Buwalda diagnosed mother with borderline intellectual functioning. Based on mother's "mannerisms, the other testing results, the things that came up in the evaluation," Buwalda believed mother required "24-hour care for herself because I have great concerns about her ability to even meet her own needs." Accordingly, Buwalda said any "child would be at risk in [mother's] care," but B.S.'s special needs exacerbated the risk.

¶7        At the conclusion of the hearing, the superior court found DCS proved each of the statutory grounds for termination by clear and convincing evidence. The superior court also found B.S., given her medical conditions, "is an extremely vulnerable child who is unable to advocate for herself for her own safety, who is unable to remind her parents of what she needs." Despite B.S.'s medical fragility, she "does have an adoptive placement that is diligently working to meet her needs." The superior court, therefore, found termination was in B.S.'s best interests.

¶8        Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235.A, 12-120.21.A.1, and Ariz. R.P. Juv. Ct. 103(A).

**ANALYSIS**

¶9        A superior court may sever a parent's rights if clear and convincing evidence establishes at least one statutory ground. *See* A.R.S. §§ 8-533.B, -537.B; *see also Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and

resolve disputed facts," this court will affirm an order terminating parental rights if reasonable evidence supports the order. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citations omitted).

**¶10** Mother neither challenges the superior court's best interests findings, nor the mental deficiency and prior termination grounds for terminating her parental rights. *See* A.R.S. § 8-533.B.3, .10. Accordingly, she has abandoned and waived any challenge to those findings. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 1 (App. 2017) ("Because Mother challenges only the substance abuse ground on appeal, she has abandoned and waived any challenge to the court's finding of the statutory time-in-care ground."). We, therefore, affirm the termination order based on the mental deficiency and prior termination grounds.

## CONCLUSION

**¶11** We affirm the superior court's order terminating mother's parental rights to B.S.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4