NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO J.O.

No. 1 CA-JV 24-0026
FILED 06-13-2024

---

Appeal from the Superior Court in Maricopa County
No. JD40718
The Honorable Michael Rassas, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant Stephanie O.*

Arizona Attorney General's Office, Tucson
By Jennifer L. Thorson
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of the Legal Advocate, Phoenix
By Amanda Adams
*Counsel for Appellee J.O.*

---

## MEMORANDUM DECISION

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

---

**P A T O N**, Judge:

¶1   Stephanie O. ("Mother") appeals the superior court's termination of her parental rights to J.O. Although the court also terminated the child's father's parental rights, he is not a party to this appeal. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2   We view the facts in the light most favorable to upholding the superior court's ruling. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 250, ¶ 20 (2000) (citation omitted). J.O. was born substance-exposed in 2023. Hospital staff observed Mother smoking fentanyl in her room prior to delivering J.O., and she tested positive for amphetamine at the time of J.O.'s birth. J.O. experienced drug withdrawals and was hospitalized for over two weeks where he received morphine and oxygen. He also required a feeding tube. Mother did not visit or ask about J.O. while they were in the hospital or after she was released.

¶3   Mother reported consuming ten fentanyl pills daily throughout her pregnancy with J.O. She only attended three prenatal appointments towards the end of her pregnancy and, once J.O. was born, did not have the necessary supplies or a plan on how to care for him. The Department of Child Safety ("DCS") took J.O. into temporary custody and subsequently filed for dependency, alleging Mother was "unable to provide proper and effective parental care and control [for J.O.] due to substance abuse and/or neglect."

¶4   In May 2023, the court adjudicated J.O. dependent after a hearing, which Mother did not attend. In August 2023, DCS moved to change the case plan to severance and adoption, which the court granted.

¶5   In September 2023, DCS moved to terminate Mother's parental rights to J.O., alleging Mother's consent as the termination ground. Mother subsequently withdrew her consent, and DCS filed an amended

petition alleging substance abuse and six-month out-of-home placement grounds.

**¶6** After a contested termination hearing in January 2024, at which Mother did not appear, the superior court granted DCS's motion and terminated Mother's parental rights to J.O. as to both grounds. For the substance abuse ground, the court found that Mother's parental rights to another child were terminated partly due to substance abuse in July 2022. The court also found that J.O. "was born substance-exposed and hospitalized for about two weeks due to withdrawals[,]" that "Mother admitted to smoking about ten fentanyl pills a day during the pregnancy[,]""Mother has not successfully completed substance abuse treatment nor does she consistently provide urinalysis tests[,]" and that DCS provided Mother reasonable reunification services.

**¶7** Mother timely appealed the superior court's termination order. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶8** Mother contends the superior court erred as a matter of law by failing to make the required findings of fact to support its conclusions that she (1) was unable to discharge parental responsibilities due to her substance abuse and (2) "substantially neglected or willfully refused to remedy the circumstances" that necessitated J.O.'s out-of-home placement. DCS and counsel for J.O. argue Mother waived this claim because she failed to raise it in the superior court, contending she should have moved for the court to amend its termination order and add findings under Arizona Rule of Juvenile Court Procedure 317. *See* Ariz. R.P. Juv. Ct. 317(a)(2), (b)(1).

**¶9** Although a party's failure to raise an argument in the superior court can be considered waived on appeal, waiver is discretionary. *See Logan B. v. Ariz. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018). Given the fundamental rights implicated here, we exercise our discretion to address the issue of whether the superior court made sufficient written factual findings to support termination on the merits. *See* A.R.S. § 8-538(A); *see also Logan B.*, 244 Ariz. at 538, ¶ 16.

**¶10** To terminate a parental relationship, the superior court must find "at least one" statutory ground for termination "by clear and convincing evidence," and also that termination is in the child's best interests. *Michael J.*, 196 Ariz. at 249, ¶ 12; *see also* A.R.S. § 8-533(B) (listing grounds for termination). As to the substance abuse ground, the superior

court must find that Mother has a history of chronic substance abuse, that her substance abuse hinders her ability to "discharge parental responsibilities," and that such "condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). The court must also find that DCS made reasonable efforts to reunify the family. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). For this termination ground, Mother only challenges the superior court's conclusion that her substance abuse hinders her ability to discharge parental responsibilities.

¶11 "[T]he legislature has imposed significant procedural safeguards to ensure due process" in termination cases because of a parent's "fundamental interest in the care, custody, and control of their child[]." *Logan B.*, 244 Ariz. at 538, ¶ 16 (citations omitted). Section 8-538(A) requires that "[e]very order of the court terminating the parent-child relationship . . . shall be in writing and shall recite the findings on which the order is based[.]" A.R.S. § 8-538(A). The court is not required to include every fact it relied upon in making its determination, but it must state the ultimate facts — which are those necessary to resolve the disputes. *Logan B.*, 244 Ariz. at 537, ¶ 15 (citations omitted).

¶12 Mother argues that "the court did not make any written findings of fact to support [its] conclusion of law" regarding her inability to discharge parental responsibilities due to substance abuse. DCS and J.O.'s counsel respond that the court made sufficient factual findings when it stated in its termination order that "Mother's rights to another child were terminated in part due to substance abuse in July 2022," J.O. was "born substance-exposed and hospitalized for about two weeks due to withdrawals," Mother "admitted to smoking about ten fentanyl pills a day" while pregnant with J.O., and Mother did "not successfully complete[] substance abuse treatment nor [did] she consistently provide urinalysis tests."

¶13 The court's multiple findings in its termination order detailed Mother's chronic and daily fentanyl use while pregnant with J.O., including use while she was in the hospital about to deliver J.O. The court's findings also detailed J.O.'s hospitalization for two weeks after birth due to withdrawals caused by Mother's substance abuse, and Mother's failure to drug test consistently or successfully complete substance abuse treatment. These findings support the court's conclusion that Mother was unable to discharge parental responsibilities due to her substance abuse. *See Logan B.*, 244 Ariz. at 537, ¶ 14 (requiring "at least one factual finding" to support each legal conclusion) (citation omitted). Thus, the court stated in writing

the ultimate facts it relied upon in terminating Mother's parental rights on the substance abuse ground. *See id.* at ¶ 15.

**¶14** Because only one statutory ground is required to support termination of a parent-child relationship, we decline to address Mother's arguments regarding the out-of-home placement ground. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 5 (App. 2017).

## CONCLUSION

**¶15** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AGFV