NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MELISSA M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.A., *Appellees.*

No. 1 CA-JV 17-0408
FILED 3-20-2018

Appeal from the Superior Court in Yavapai County
No. V1300JD201280006
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Yavapai County Public Defender's Office, Camp Verde
By Gary H. Horton
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Patricia A. Orozco[1] joined.

---

**C R U Z**, Judge:

¶1          Melissa M. ("Mother") appeals the superior court's September 1, 2017 order terminating her parental rights to her child, J.A.

**FACTUAL AND PROCEDURAL HISTORY[2]**

¶2          Mother is the biological mother of J.A., born in September 2014.  Mother tested positively for methamphetamine in April 2014 while four months pregnant with J.A., and the Department of Child Safety ("DCS") removed J.A. from Mother's care.  DCS alleged J.A. was dependent due to neglect from Mother's substance abuse and mental health issues and because Mother had her parental rights terminated as to her other children in November 2013.  The superior court found J.A. dependent in December 2014.

¶3          DCS moved to terminate Mother's parental rights to J.A. in April 2017 on the grounds of neglect, Arizona Revised Statutes ("A.R.S.") section 8-533(B)(2); inability to discharge parental responsibilities because of a mental deficiency, A.R.S. § 8-533(B)(3); and being in an out-of-home placement for a period of fifteen months or longer, A.R.S. § 8-533(B)(8)(c).[3]

¶4          Before the termination hearing, DCS listed the exhibits and witnesses it planned to present, pursuant to Arizona Rules of Procedure for the Juvenile Court ("Rule") 44.  It listed Dr. Bluth, a psychologist who

---

[1]     The Honorable Patricia A. Orozco, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]     We view the facts in the light most favorable to affirming the superior court's decision.  *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 95, ¶ 10 (App. 2009).

[3]     DCS had previously moved for termination in June 2016 on the same grounds.  However, the superior court found at a November 2016 hearing that DCS had failed to prove the alleged grounds.

performed psychological evaluations of Mother in April 2015 and December 2016, as a witness. It also listed Dr. Bluth's April 2015 and December 2016 psychological evaluations as exhibits. Mother did not file a written objection to the exhibits as required by Rule 44.

¶5 The day of the termination hearing, DCS informed the court Dr. Bluth would not be testifying. Mother objected to the admission of Dr. Bluth's April 2015 evaluation because Dr. Bluth would not be testifying to lay foundation for the evaluation, but the court overruled Mother's objection.

¶6 After the termination hearing in July 2017, the superior court terminated Mother's parental rights. It found DCS proved neglect because J.A. was exposed to methamphetamine while in utero, there was recent evidence Mother was using alcohol, and Mother had been involved in domestic violence incidents in front of her other child, L.A., which led to L.A.'s removal by DCS shortly after the first termination hearing in September 2016. It found Mother had continued to engage with the perpetrator of the domestic violence even after L.A.'s removal, and J.A. would accordingly be at risk of neglect if he were returned to Mother's care.

¶7 The superior court also found DCS had proven the ground of inability to discharge parental responsibilities because of a mental deficiency. It found Mother suffered from depression and anxiety that affected her ability to provide a safe home for J.A. It further found that Mother had dependent traits and had continued to associate herself with individuals with whom she had domestic violence incidents and did not seem to be willing to break that pattern. It noted Mother had been receiving services for the same issues since approximately 2012 and had been unable to maintain the services long enough to get J.A. out of DCS custody.

¶8 With regards to the ground of J.A. being in an out-of-home placement for fifteen months or longer, the court found Mother had been unable to remedy the circumstances causing J.A. to be in an out-of-home placement. It found DCS had made a diligent effort to provide appropriate services to Mother, but that Mother's mental condition caused her to struggle with unhealthy relationships and her unhealthy relationships hindered her ability to parent.

¶9 Finally, the superior court found termination was in J.A.'s best interests because it would further the case plan of adoption which would provide J.A. with permanency and stability; J.A. had been in care for almost three years and was in need of permanency; Mother had been unable to provide him with a safe and stable home free from neglect; J.A.

was adoptable; and J.A. was residing in a placement that was able to meet all of his needs.

¶10 Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

¶11 Mother argues the superior court abused its discretion by: (1) terminating her parental rights on the grounds of neglect and inability to discharge parental responsibilities; and (2) admitting a psychological evaluation over her objection. However, because Mother does not challenge the superior court's findings regarding the ground of fifteen months in an out-of-home placement,[4] we affirm the court's findings on that ground and do not address the other grounds. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 5 (App. 2017) ("By failing to challenge the time-in-care ground, [m]other has abandoned and waived any contention that the court erred in granting severance on that basis.").

¶12 "A trial court has broad discretion in admitting or excluding evidence, and we will not disturb its decision absent a clear abuse of its discretion and resulting prejudice." *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82-83, ¶ 19 (App. 2005). An abuse of discretion "is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* at 83, ¶ 19.

¶13 Unless otherwise ordered by the court, the parties must disclose a list of witnesses they intend to call at trial. Rule 44(B)(2)(d). They must also disclose a list of and copies of all exhibits they intend to use at trial. Rule 44(B)(2)(e). If a party objects to the admission of an exhibit, it must file a notice of objection and specific grounds for each objection within ten days of receipt of the list of exhibits. *Id.* "Specific objections or grounds not identified in the notice of objection shall be deemed waived, unless otherwise ordered by the court." *Id.* Mother failed to timely object to the admission of Dr. Bluth's psychological evaluation by filing a notice of objection as required by Rule 44 and has thereby waived her objection to its admission. Although Mother objected to the evaluation's admission at trial,

---

[4] In her reply brief, Mother raises for the first time a challenge to the finding that J.A. was in out-of-home care for fifteen months or more, when Mother argues she has remedied the circumstances that caused J.A. to be placed in care. We do not address arguments raised for the first time in a reply brief. *Marco C. v. Sean C.*, 218 Ariz. 216, 219 n.1, ¶ 8 (App. 2008).

she did not file a notice of objection as required by Rule 44. She accordingly waived any objection to the evaluation's admission.

¶14    Mother also argues her counsel's failure to file a timely objection to Dr. Bluth's psychological evaluation denied her of effective assistance of counsel. Ineffective assistance of counsel does not support reversal of a termination of parental rights unless the aggrieved parent can demonstrate that counsel's deficient performance undermines confidence in the outcome of the proceedings and gives rise to a reasonable probability that, but for counsel's errors, the result would have been different, and that parent can also show prejudice flowing from such lacking performance. *See John M. v. Ariz. Dep't of Econ. Sec.,* 217 Ariz. 320, 325, ¶ 18 (App. 2007).[5]

¶15    Mother cannot show that but for the admission of Dr. Bluth's psychological evaluation the superior court would not have terminated her parental rights. In fact, independent of Dr. Bluth's evaluation, the superior court found Mother had exposed J.A. to methamphetamine in utero, that Mother was using alcohol, that she was involved in domestic violence incidents in the presence of her youngest child, leading to DCS' removal of that child, Mother continued to engage with the perpetrator of the domestic violence which led to removal of her youngest child, and her unhealthy relationships have impeded her ability to parent. Mother has failed to show that absent the admission of Dr. Bluth's evaluation the superior court would not have terminated her parental rights. Mother has failed to show prejudice.

---

[5]    Arizona courts have not explicitly decided whether a claim of ineffective assistance of counsel may justify relief in a termination proceeding. *See John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 322-24, ¶¶ 8-12 (App. 2007). Here, we assume without deciding that Arizona law would permit relief based on a claim of ineffective assistance of counsel. *Id.* at 325, ¶ 17.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the superior court's termination order.



AMY M. WOOD • Clerk of the Court
FILED:   AA