NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ASHLEY C., *Appellant*,

v.

JOSEPH B., H.B., *Appellees*.

No. 1 CA-JV 19-0420

FILED 8-13-2020

Appeal from the Superior Court in Maricopa County
No. JS19404
The Honorable Glenn A. Allen, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

DeWitt-Lopez Law, PC, Phoenix
By Kristen DeWitt Lopez
*Counsel for Appellant*

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1          Ashley C. ("Mother") appeals the juvenile court's denial of her petition for severance against Joseph B. ("Father"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          "We view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citation omitted).

¶3          In July 2018, Mother petitioned the juvenile court to terminate Father's parental rights to their child, H.B. ("the Child"), on the statutory grounds of abandonment and chronic drug abuse. The court appointed a guardian ad litem.

¶4          At the two-day trial, Mother testified that Father had serious problems with drugs and highlighted Father's past failures to comply with court-ordered drug tests. Mother further explained the Child's medical conditions, which present unique challenges and require special training that only Mother had received. Mother believed that Father's drug addiction could be triggered by the syringes required to administer the Child's medicine. Because of the Father's past experiences with drugs, Mother worried that Father might become intoxicated while the Child was in his care. The guardian ad litem agreed with Mother and argued for termination of Father's rights.

¶5          Father testified that, although he struggled with drug addiction in the past, he was now in recovery, completed a counseling program, and was working hard to get his life back on track. Father's most recent drug test, taken in April 2019, was negative for all drugs other than marijuana, for which he had a medical-marijuana card. At trial, Father's friend and grandmother both testified that Father was no longer using illegal drugs.

¶6            The juvenile court found that Mother proved Father abandoned the Child, but that the evidence did not support the claim that Father's alleged substance abuse justified termination of his parental rights. While the court agreed Father had failed to consistently comply with drug testing and had a long history of abusing drugs, the court noted that Father's most recent drug test was clean and that there was evidence to suggest he had "worked hard to get his life on track." Given this progress, and the evidence that Father could perform his duties as a parent, the court found that Mother had not proved that Father was unable to parent the Child due to chronic substance abuse.

¶7            Having found the statutory abandonment ground proven, the juvenile court also evaluated whether termination was in the Child's best interests. The court noted that Mother relied on a potential future adoption as essentially the sole benefit of severance but found there was no evidence that an adoption had been seriously considered. Additionally, based on evidence that Father paid child support for the Child's wellbeing while Mother relies financially on her parents, the juvenile court found that "[t]erminating the only other source of financial support for [the Child] is clearly not a benefit, but rather a detriment." Therefore, the juvenile court denied Mother's petition. Mother timely appealed, and we have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶8            While the right to custody of one's child is not absolute, that right is nonetheless fundamental. *Michael J. v. Ariz. Dept. of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000). Therefore, termination of parental rights is generally not favored and "should be considered only as a last resort." *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 4 (1990).

¶9            To terminate a parent-child relationship, the juvenile court must find that clear and convincing evidence supports one of the statutory grounds for severance. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005); A.R.S. § 8-533(B). The court must also determine by a preponderance of the evidence that termination of the relationship is in the child's best interests. *Kent K.*, 210 Ariz. at 284, ¶ 22. We review a juvenile court's termination order for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We accept the court's findings of fact unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶10　　　　Mother argues that the juvenile court abused its discretion by finding that she had not proved Father's chronic substance abuse as a ground for termination and by finding that termination of Father's rights was not in the Child's best interests. Because the juvenile court found that Mother proved the statutory ground of abandonment, and Father does not appeal that ruling, we begin by addressing court's best interests finding. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 5 (App. 2017) ("[O]nly one statutory ground for severance is required.").

¶11　　　　Mother argues that the juvenile court erred in finding that termination of Father's rights was not in the Child's best interests. We review the court's determination for an abuse of discretion. *Mary Lou C.*, 207 Ariz. at 47, ¶ 8.

¶12　　　　Mother asserts that termination was in the Child's best interests because "[n]o reasonable finder of fact would agree that Father does not have a chronic drug problem[,]" and the juvenile court erred in determining that Father was not currently abusing illegal drugs. Mother argues that Father could unintentionally harm the Child while intoxicated, and failure to terminate Father's rights creates a risk of instability in the Child's home life.

¶13　　　　Father has a history of drug abuse, but the juvenile court heard and considered that history and weighed it against his recent successes. Father completed a drug counseling course and his most recent drug test did not reflect any substance abuse. Further, Father's friend and a family member both testified that Father is no longer abusing controlled substances and that Father is successfully co-parenting his other children.

¶14　　　　We must affirm the juvenile court's factual determinations if any reasonable evidence supports its conclusions. *See Jesus M.*, 203 Ariz. at 280, ¶ 4. Though reasonable minds may differ over the conclusions to draw from the evidence, reasonable evidence supports the juvenile court's determination that Father has been clean from drugs "for quite some time[.]"

¶15　　　　Separately, Mother suggests that termination serves the Child's best interests because the Child would be adoptable. "[D]epending on the circumstances, adoption can provide sufficient benefits to support a best-interests finding in private and state severance actions alike." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 5, ¶ 17 (2016). But "[w]hile courts have often referred to a child's 'adoptability' or her 'adoptive placement' in determining best interests," for adoptability to be meaningful it "must

4

reflect a finding that adoption is not only possible, but likely." *Titus S. v. Dep't of Child Safety*, 244 Ariz. 365, 370, ¶ 22 (App. 2018).

**¶16** The juvenile court found that "there [was] no potential stepparent to adopt the child" and no evidence "that [M]other ha[d] contemplated placing the child with anyone else for adoption." Mother does not argue that this finding was factually erroneous, and we agree with the juvenile court that this hypothetical benefit to the Child is purely speculative and unsupported by the evidence. The juvenile court did not abuse its discretion in rejecting adoptability as a basis to support termination.

**¶17** Mother essentially asks this Court to reweigh the evidence because she believes the juvenile court gave Father too much credibility. She argues that "[w]hile the juvenile court considered Father's possible recent sobriety, it failed to consider Father's long history of substance abuse and relapse, which established a sufficient basis for finding that [the Child] would be harmed by continuing the parental relationship." But our role is simply to determine whether reasonable evidence supports the juvenile court's factual conclusions. The juvenile court found that Father could take on his parental responsibilities, that Father's financial support benefitted the Child, and that termination of Father's rights would provide no real benefit to the Child. Because reasonable evidence supports these conclusions, we affirm the juvenile court's determination that termination of Father's rights was not in the Child's best interests.

**¶18** Mother also challenges the court's failure to find the chronic substance abuse ground. But because the best-interests analysis is the same whether there were one or two grounds for termination, we need not reach this issue. *Cf. Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 14 (App. 2010) ("While the court terminated Father's parental rights on a number of statutory grounds pursuant to A.R.S. § 8-533(B), we will affirm the termination if any one of the statutory grounds is proven and if the termination is in the best interests of the children."). Moreover, because we affirm the juvenile court's finding that Mother failed to establish by a preponderance of the evidence that severance was in the Child's best interest, we have no need to review the juvenile court's determination that Mother failed to prove by clear and convincing evidence the chronic substance abuse ground for termination under A.R.S. § 8-533(B)(3). *See Alma S. v. Dep't. of Child Safety*, 245 Ariz. 146, 149-50, ¶ 8 (2018); *see also Maricopa Cty. Juv. Action No. JS-6831*, 155 Ariz. 556, 559 (App. 1988) ("Although the best interests of the child are not sufficient to grant

termination, they may be sufficient to deny termination."). Therefore, we affirm the juvenile court's denial of Mother's petition.

## CONCLUSION

¶19      For these reasons, we affirm the juvenile court in all respects.



AMY M. WOOD • Clerk of the Court
FILED:   AA