NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AARON F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.F., T.F., C.F., B.F., T.F.,
CHICKASAW NATION, *Appellees*.

No. 1 CA-JV 20-0234
FILED 2-23-2021

Appeal from the Superior Court in Mohave County
No. B8015JD201804107
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

E.M. Hale Law, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Doriane Neaverth
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

---

**M c M U R D I E**, Judge:

**¶1** Aaron F. ("Father") appeals the juvenile court's order terminating his parental rights to his five children. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2** Father, an enrolled member of the Fort Mojave Indian Tribe, and Amanda L. ("Mother") are the biological parents of John, Taylor, Courtney, Barry, and Todd (collectively, the "Children"), who are all enrolled members of the Chickasaw Nation.[2] In 2016, DCS initiated dependency proceedings against the parents after Courtney was born substance-exposed to amphetamine, and both parents admitted to methamphetamine use. Father refused to engage in services. But Mother completed the reunification requirements, and the court dismissed the dependency in 2017. However, DCS continued to receive and investigate reports of suspected abuse and neglect, including unexplained bruising on the sides of Barry's face and statements made by one of the children concerning domestic violence and abuse.

**¶3** In November and early December 2018, DCS removed Barry and Todd from the parents' home and petitioned for an out-of-home dependency concerning the Children, alleging parental abuse of Barry and Todd and neglect of the Children generally. The juvenile court ordered the

---

[1] We view the facts in the light most favorable to sustaining the juvenile court's judgment. *Lashonda M. v. ADES*, 210 Ariz. 77, 82, ¶ 13 (App. 2005).

[2] To protect the identities of the Children, this decision refers to them by pseudonyms.

Children temporarily removed from the parents' care pending further hearings.

¶4 During the initial dependency hearing on December 20, 2018, both parents moved for the Children to be returned to their care under Arizona Rule of Procedure for the Juvenile Court 51 and requested a trial on the dependency petition. The court granted the Rule 51 motion, finding DCS did not prove that continued temporary custody was necessary, and DCS had not met the requirements set forth by the Indian Child Welfare Act ("ICWA"). The court scheduled the dependency trial for February 2019. Over the next several months, the parents minimally engaged in DCS services. Mother tested positive for methamphetamine and amphetamine, and DCS received a report alleging neglect of the Children.

¶5 After a three-day contested hearing, the court dismissed the abuse allegations but found the Children dependent based upon neglect. The court subsequently granted DCS's motion to place the Children in a kinship foster placement. Around two months later, DCS petitioned the court to suspend the parents' visitation with the Children following an incident at a fast-food restaurant's attached playground.

¶6 While Mother and Father were supervising the Children playing, Barry began to cry and refused to put weight on his right leg. Mother and Father bought him ice cream, and after he fell asleep, Mother speculated that he was just tired and wanted attention. However, when Barry returned to the kinship foster placement a medical examination, revealed that he had fractured his leg. The court granted the petition to suspend visitation following a hearing.

¶7 DCS moved to terminate Mother's and Father's parental rights to the Children under the statutory grounds of neglect and substance abuse. A.R.S. § 8-533(B)(2), (3). DCS later amended the motion to include the six months' time-in-care ground concerning Barry and Todd and the nine-months' time-in-care ground for John, Taylor, and Courtney. A.R.S. § 8-533(B)(8)(a), (b).

¶8 In May and June 2020, the juvenile court conducted a two-day trial on the termination motion. During the trial, the assigned DCS case manager testified that Father refused all DCS services, instead utilizing services—including domestic violence and substance-abuse classes and testing—offered by the Fort Mojave Tribe. However, Father attended these services inconsistently, tested positive for methamphetamine at least once, and in October 2019, DCS stopped receiving compliance reports detailing

Father's participation. The case manager also opined that the substance-abuse testing Father engaged in was unreliable because it was not randomized. Concerning Mother, the case manager acknowledged that Mother had made significant progress towards reunification but opined that DCS remained concerned about her ability to maintain sobriety, stay apart from Father, and effectively raise the Children. At the close of DCS's case, Father chose not to testify or present evidence. Mother testified and detailed her extensive efforts to maintain sobriety, remove herself from Father, and engage in counseling and other services.

¶9        In July 2020, the court issued an order finding DCS had proven the neglect, substance abuse, and the six- and nine-months' time-in-care grounds concerning Father. Based on these findings, the court terminated Father's parental rights to the Children. The court also found that DCS had not proven grounds for termination concerning Mother and denied its motion to terminate her parental rights.[3] Father appealed, and we have jurisdiction under A.R.S. § 8-235(A) and Rule 103(A).

## DISCUSSION

¶10       The right to custody of one's child is fundamental but not absolute. *Michael J. v. ADES*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). DCS must prove one or more statutory grounds for termination by clear and convincing evidence to support parental rights termination. A.R.S. § 8-537(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 283–84, ¶ 19 (2005). The juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *ADES v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We review the court's termination decision for an abuse of discretion and will not disturb any findings supported by reasonable evidence. *Mary Lou C. v. ADES*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶11       On appeal, Father argues only that the juvenile court erred by finding sufficient evidence to support termination of his parental rights under the neglect ground. Specifically, Father disputes the court's finding that he failed to adequately address DCS's concerns for neglect by minimally engaging in services. Father contends that he "had been addressing the issues of neglect as alleged by DCS and while his attempts

---

[3]       According to the most recent records available to this court, Mother has commendably continued to make progress and the Children have been returned to her care.

[were] not perfect, they should be enough to retain his constitutional right to parent his children." However, Father does not challenge the court's additional findings that the termination of his parental rights was warranted under the substance abuse, six months' time-in-care, and nine months' time-in-care grounds.

**¶12**     This court has held that failure to challenge a ground for termination abandons and waives "any contention that the court erred in granting [termination] on that basis." *Crystal E. v. DCS*, 241 Ariz. 576, 577-78, ¶ 5 (App. 2017). And once we affirm one ground for termination, we need not address any other basis found by the juvenile court. *Jesus M. v. ADES*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (citing *Michael J.*, 196 Ariz. at 251, ¶ 27); *see also Crystal E.*, 241 Ariz. at 579, ¶ 13 (Thumma, J., specially concurring) ("In general, an appeal challenging fewer than all of the statutory grounds for termination the superior court found were proven at trial will not result in a reversal[.] Such an appeal is fatally flawed, from the outset, and merely delays finality."). By failing to challenge the court's findings and conclusions concerning the substance abuse, six months' time-in-care, and nine months' time-in-care grounds, Father has abandoned and waived any contention that the court erred by granting termination on those grounds. Accordingly, we affirm the court's order based on the substance abuse, six months' time-in-care, and nine months' time-in-care grounds and need not address his arguments on the neglect ground.

## CONCLUSION

**¶13**     We affirm the juvenile court's order terminating Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:     AA