NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERIKA C., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, I.C., *Appellees.*

No. 1 CA-JV 20-0343
FILED 4-15-2021

Appeal from the Superior Court in Maricopa County
No.   JS20524
JD37374
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

John L. Popilek PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

**¶1**        Erika C. ("Mother") appeals the juvenile court's order terminating her parental rights to I.C. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Mother and Cruz T. ("Father") are minors and the natural parents of I.C. In April 2019, I.C. was born substance exposed to marijuana. The Department of Child Safety investigated and found that Mother and Father also engaged in domestic violence in I.C.'s presence. Consequently, the Department took custody of I.C. and petitioned for dependency. The juvenile court later found I.C. dependent and set a case plan for family reunification.

**¶3**        The Department was concerned that Mother had a violent relationship with Father, used marijuana, and was unable to provide for I.C. To assist Mother in remedying these issues, the Department referred her for substance-abuse testing and treatment, a psychological evaluation, counseling, a parent aide, and transportation assistance.

**¶4**        Regarding substance-abuse testing, Mother initially tested negative but then tested inconsistently, missing several randomly assigned tests. Mother did not test at all between September and December 2019, and her referral closed. Meanwhile, in May 2019, the Department referred Mother to TERROS for a substance-abuse evaluation. During her evaluation, Mother admitted to a history of domestic violence with Father, though she claimed that they were no longer together and had no contact with each other. She also reported that she used marijuana for stress and sleep but claimed that she had stopped using when she discovered that she was pregnant with I.C. The evaluator diagnosed Mother with moderate cannabis-use disorder and recommended that she enroll in a standard outpatient program for teenagers which included individual therapy. Mother failed to do so, however, and her referral closed in September 2019.

**¶5**            As for the other services that the Department offered her, Mother did not complete the psychological evaluation or participate in domestic-violence counseling. Nor did she fully engage in the parent-aide service. Although Mother interacted appropriately with I.C. during her visits, she tended to become overwhelmed or flustered when he was fussy or crying, and she relied heavily on her family members to meet his needs. She also missed several visits and was eventually required to call ahead to confirm her attendance. Her parent-aide referral unsuccessfully closed because she failed to meet the program goals. By December 2019, Mother had closed out of every reunification service that the Department had offered her.

**¶6**            After Mother's parent-aide referral closed, she received visits through a Department case aide until January 2020, when the Department referred her to Baio Enterprises, which provided visits within walking distance of her home. Her attendance, however, did not improve, and that referral also closed. In February 2020, the Department referred Mother to TERROS again for substance-abuse treatment and counseling, but Mother did not engage.

**¶7**            Meanwhile, Mother and Father continued their violent relationship. During one physical altercation, Father choked and punched Mother and pushed her off a balcony, requiring paramedics to be called. Mother chose not to prosecute Father and did not obtain a restraining order. Mother admitted that during another incident, Father had punched her in the head twice, but she did not call the police. In February 2020, Father punched Mother in the face and broke her cell phone. When police investigated, both Mother and the landlord told them that Mother and Father were living together in a rented room. Again, Mother chose not to prosecute Father or obtain an order of protection after this incident.

**¶8**            Accordingly, in March 2020, the juvenile court added a concurrent case plan of severance and adoption. That same month, Mother moved to Mexico to live with her mother, who had recently been deported. The Department case manager asked Mother for her address so she could set up services in Mexico, but Mother did not respond. In April 2020, Mother moved back to Arizona and emailed the case manager. The case manager tried to respond to Mother but could not reach her through May. Nevertheless, the Department again referred her for substance-abuse testing and treatment, counseling, and visitation.

**¶9**            In June 2020, the Department petitioned to terminate Mother's parental rights on grounds of chronic substance abuse and

six- and nine-months' out-of-home placement. That same month, Mother completed her first drug test since August 2019, and tested positive for THC. Over the rest of June, Mother missed a few scheduled tests and tested positive twice more for THC. In early July, Mother tried to take a hair-follicle test, but the testing company would not allow her to complete it because she was not accompanied by a parent or guardian. Mother did not complete another drug test after that. Mother also attended some visits and completed an intake for counseling but did not attend any counseling sessions.

¶10         Following a termination hearing, the juvenile court terminated Mother's parental rights on all the alleged grounds. Mother timely appealed.

## DISCUSSION

¶11         Mother asserts that the juvenile court erred by terminating her parental rights because her only substance-abuse issue involved marijuana, and she faced unique challenges that undermined her ability to participate in services. For these reasons, Mother argues that the juvenile court should have given her additional time to complete the case plan.

¶12         A parent's right to custody and control of her own child, while fundamental, is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49 ¶¶ 11–12 (2000). Severance of a parental relationship may be warranted when the state proves one statutory ground under A.R.S. § 8-533 by "clear and convincing evidence." *Id.* "Clear and convincing" means the grounds for termination are "highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284–85 ¶ 25 (2005). The court also must find that severance is in the child's best interest by a preponderance of the evidence. *Id.* at 285 ¶ 29.

¶13         This Court "will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 4 (App. 2002). We do not reweigh the evidence, but "look only to determine if there is evidence to sustain the court's ruling." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004).

¶14         The juvenile court may terminate parental rights to a child who is younger than three years of age on the six-month out-of-home placement ground if "the parent has substantially neglected or wilfully refused to remedy the circumstances that cause the child to be in an

out-of-home placement, including refusal to participate in reunification services offered by" the Department. A.R.S. § 8–533(b). This termination ground focuses on the parent's "effort to cure the circumstances rather than the parent's success in actually doing so" and is based on the circumstances "existing at the time of the severance." *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329–30 ¶¶ 20, 22 (App. 2007). Termination is appropriate when a parent fails to make "appreciable, good faith efforts to comply with remedial programs" or "makes only sporadic, aborted attempts to remedy" the circumstances causing the out-of-home placement. *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994).

¶15 Here, the juvenile court found that Mother substantially neglected or willfully refused to engage in reunification services, in particular the services aimed at helping her remedy her substance-abuse and domestic-violence issues. Mother does not specifically challenge these findings, and they are supported by reasonable evidence in the record.

¶16 Instead, Mother argues that her marijuana use should not be the basis for the termination order because she was using it for depression and anxiety, her most recent positive tests were inaccurate, and she was unable to complete a hair-follicle test. Mother, however, did not have a medical marijuana card or a designated caregiver under the Arizona Medical Marijuana Act. *See* A.R.S. § 36–2801(2), (5). Nor was there evidence that she was diagnosed with a "debilitating medical condition" as the Act requires. *See* A.R.S. § 36–2801(3). Her use of marijuana therefore remained illegal, and moreover, she and I.C. tested positive for THC at his birth. Considering these facts, the Department reasonably required Mother to comply with substance-abuse testing and treatment. Then, even knowing substance abuse was one of the Department's concerns, Mother used marijuana in March 2020, while she was in Mexico.

¶17 As she did during the termination hearing, Mother disputes her three positive tests in June 2020, and contends that she did not use marijuana after she returned from Mexico. But the juvenile court considered and apparently rejected Mother's testimony to that effect. *See Mary Lou C.*, 207 Ariz. at 47 ¶ 8 (this Court does not reweigh the evidence on appeal). Mother also asserts that she wanted to take a hair-follicle test to prove her sobriety but could not do so for reasons beyond her control. However, Mother had over a year of opportunities to show her sobriety through urinalysis testing, including opportunities to test after her positive results in June 2020, and she did not do so.

**¶18**     Moreover, Mother's arguments brush over her domestic-violence issues with Father, which she also failed to remedy. The record is clear that Father assaulted Mother multiple times even after I.C. was removed from her care. She did not engage in counseling designed to address these issues, and she had contact with Father even after he severely injured her. She also actively resisted assisting police in prosecuting Father or obtaining an order of protection. At the termination hearing, Mother minimized the February 2020 domestic violence incident, denying that Father had punched her in the face or that they were living together at the time—both facts that she had previously admitted to police. Reasonable evidence supports the juvenile court's order terminating Mother's parental rights on the six-month out-of-home placement ground and we need not address the other termination grounds. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578 ¶ 5 (App. 2017).[1]

**CONCLUSION**

**¶19**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA

---

[1]     Mother does not challenge the juvenile court's finding that termination of her parental rights was in I.C.'s best interests.