NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

SAMANTHA D., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, M.D., *Appellees*.

No. 1 CA-JV 21-0332
FILED 6-14-2022

---

Appeal from the Superior Court in Maricopa County
No. JD533534
The Honorable Nicolas B. Hoskins, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellees Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1          Samantha D. ("Mother") appeals the superior court's order terminating her parental rights to her child. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Mother has a long history of substance abuse. While pregnant, Mother received methadone treatment to manage her opioid addiction. One month before giving birth, the Arizona Department of Child Safety ("DCS") received a report that Mother had admitted to smoking fentanyl while pregnant. The child was born substance exposed to methadone and intra-uterine exposed to fentanyl.

¶3          DCS initiated an in-home dependency which allowed Mother and the child to live with maternal grandmother. DCS provided Mother with services, including daycare, family preservation services, drug testing, and substance abuse assessment/treatment. However, after Mother continued to test positive for substances, including fentanyl, amphetamine, methamphetamine, benzodiazepine, and methadone, DCS removed the child and filed an out-of-home dependency petition. DCS alleged the child was dependent as to Mother due to substance abuse, neglect, and mental health issues.

¶4          Soon after, Mother began an inpatient detox program. Upon discharge, Mother stated she would enter a residential treatment facility. Several days later, Mother entered a residential treatment facility but left the next day. Mother then returned to the inpatient detox program and reported she was abusing fentanyl and benzodiazepines. When Mother was discharged five days later, she refused referral to Terros and claimed she would enter residential treatment instead. Mother did not enter a residential treatment facility.

¶5          Two months later, Mother reported using fentanyl, and tested positive for amphetamine, methamphetamine, methadone, and marijuana.

Over the next several months, Mother continued to use drugs and sporadically participated in services.

**¶6**        Terros then recommended Mother complete residential treatment, but Mother initially refused. Mother later agreed to complete an assessment at a residential treatment facility but failed to do so. Over the next approximately six months, Mother submitted to only one of twenty-eight required drug tests. That single test was positive for amphetamine, methamphetamine, benzodiazepine, and fentanyl.

**¶7**        DCS moved to terminate Mother's parental rights on the grounds of substance abuse and six months' and nine months' time in an out-of-home placement. *See* A.R.S. § 8-533(B)(3), (B)(8)(a), (B)(8)(b).

**¶8**        About three months before the termination trial, Mother informed DCS she planned to stop using substances so that she could enroll in a residential treatment program at Lifewell. When DCS offered to help Mother self-enroll, Mother did not respond and did not enter treatment at Lifewell.

**¶9**        At the pre-trial conference, Mother again stated she planned to enter treatment at Lifewell.

**¶10**        At the termination trial five weeks later, Mother moved to continue trial for ninety days "so that she [could] complete her course of treatment with Lifewell." Mother informed the court she had not yet entered treatment at Lifewell despite being referred for residential treatment more than seven months ago. The court denied Mother's motion, noting that Mother had failed to enter treatment despite prior statements to the court she would do so.

**¶11**        The court terminated Mother's parental rights on the grounds of six months' and nine months' time in an out-of-home placement. *See* A.R.S. § 8-533(B)(8)(a), (b). Mother timely appealed.

**¶12**        We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

### DISCUSSION

**¶13**        Mother contends the superior court abused its discretion when it denied her motion to continue. Mother does not challenge the court's statutory findings, or that termination of the parent-child

relationship was in the child's best interests. Accordingly, we do not address those findings. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 6 (App. 2017) ("[W]e adhere to the policy that it is generally not our role to *sua sponte* address issues not raised by the appellant."); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011) (recognizing the failure to develop an argument on appeal usually results in abandonment and waiver of the issue).

**¶14** A motion to continue may be granted "only upon a showing of good cause." Ariz. R.P. Juv. Ct. 46(F). We review the denial of a motion to continue for a clear abuse of discretion. *Yavapai Cnty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988), *holding modified on other grounds by Maricopa Cnty. Juv. Action No. JS-7499*, 163 Ariz. 153, 157–58 (App. 1989). A motion to continue will not be reversed absent a showing of prejudice. *State v. Mauro*, 159 Ariz. 186, 200 (1988).

**¶15** The superior court's finding that no good cause existed to continue the trial is supported by the record. During the fourteen months the child was in care, Mother repeatedly stated she would attend a residential treatment program, and, despite ample time and opportunity, she failed to do so. The court was likewise within its discretion to find unpersuasive Mother's statements about her plans to enter Lifewell and we will not reweigh such evidence on appeal. *See Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004) (noting the juvenile court is in the best position to judge the credibility of witnesses).

**¶16** Even if the court abused its discretion, *arguendo*, Mother has neither shown, nor alleged, prejudice resulting from the denial of her motion to continue. *See Mauro*, 159 Ariz. at 200.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm the superior court's termination order.



AMY M. WOOD • Clerk of the Court
FILED:   AA