NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO P.B.

No. 1 CA-JV 25-0121

FILED 01-30-2026

Appeal from the Superior Court in Mohave County
No. S8015SV202500014
The Honorable Aaron Demke, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Ian C., Denton, Texas
*Appellant Pro Se*

Law Offices of Robert I. Casey, Esq., Phoenix
By Robert Ian Casey
*Advisory Counsel for Appellant Ian C.*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S**, Judge:

¶1 Ian C. ("Father") appeals the superior court's order terminating his parental rights to the child he has in common with Kiesa B. ("Mother"). For reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Father and Mother never married. In 2014, they had a child ("Child") together. The three soon moved to Texas, but Mother and Child returned to Arizona when Child was one and a half years old. Father visited Child in Arizona a couple of times, but not since 2018.

¶3 In 2019, Father made one phone call to inquire about Child's first day of school but made no subsequent contact and has not provided financial support, gifts, or sent any cards or letters.

¶4 Mother began dating her current husband ("Stepfather") in 2018. The next year, Mother notified Father she intended to legally change Child's last name to match Stepfather's. Father communicated his opposition to Mother over text message. Regardless, Mother served Father with a formal name change request and notice of a hearing in the superior court. When Father failed to attend the hearing, the court granted the name change.

¶5 Mother later asked Father to consent to Stepfather adopting Child. When Father refused—realizing his consent would necessarily terminate his parental rights—Mother petitioned to terminate Father's parental rights in 2025, alleging Father had abandoned Child. Following a termination adjudication hearing, the court terminated Father's parental rights. In doing so, the court found by clear and convincing evidence that Father had "failed and refused to provide reasonable support . . . [and] failed or otherwise refused to maintain regular contact" with Child. The court also found by preponderance of the evidence that termination was in Child's best interests.

**¶6** Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶7** The superior court may terminate parental rights if it finds, by clear and convincing evidence, the existence of at least one of the statutory grounds set forth in A.R.S. § 8-533(B), *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 12 (2000), and, by a preponderance of the evidence, that termination is in the child's best interests, *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).

**¶8** We review a termination order for an abuse of discretion, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and will affirm unless "no one could reasonably find the evidence [supporting a statutory ground for termination] to be clear and convincing," *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94, ¶ 7 (App. 2009) (citation modified).

**¶9** In his opening brief, Father informs he desires to "finally establish a relationship [with Child that Father has] missed for the last 8 years." He also maintains that Child "deserves to have a relationship with her biological family." Accepting Father's statements as true, however, does not warrant reversal of the superior court's termination order. *See In re C.E.*, __ Ariz. __, __, ¶ 17, 573 P.3d 101, 104–05 (App. 2025) (rejecting a father's challenge to termination based upon his desire for a future speculative relationship). To be sure, the court "may not base its [parental rights] ruling on sheer speculation, however plausible, regarding the possibility of a future relationship. Instead, the court must consider evidence about the current nature of the parent-child relationship, including any steps a parent has taken to re-establish a parent-child relationship." *In re M.L.*, 1 CA-JV 25-0008, 2025 WL 3223737, at *6, ¶ 41 (Ariz. App. Nov. 19, 2025) (opinion) (citation modified).

**¶10** Father does not challenge the legal basis upon which the court terminated Father's parental rights, namely that: (1) clear and convincing evidence exists that Father abandoned Child, and (2) termination of Father's parental rights is in Child's best interests by a preponderance of the evidence. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577–78, ¶ 5 (App. 2017) (explaining that failing to challenge the statutory grounds for termination constitutes waiver of the claim). Because Father does not

challenge the court's abandonment and best-interests findings, he, in essence, concedes them. Consequently, we must affirm.

## CONCLUSION

**¶11** We affirm the superior court's order terminating Father's parental rights.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR